IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AMX CORPORATION,                        §
                                        §
      Plaintiff-counterdefendant,       §
                                        §   Civil Action No. 3:04-CV-2035-D
VS.                                     §
                                        §
PILOTE FILMS,                           §
                                        §
      Defendant-counterplaintiff.       §

MEMORANDUM OPINION
AND ORDER

      Plaintiff AMX Corporation ("AMX") moves to strike the supplemental report of defendant Pilote Films's ("Pilote's") expert witness, Robert Hancock ("Hancock"), and for leave to file motion to exclude expert witness.  The court denies the motion to strike and grants the motion for leave to file motion to exclude expert witness.[1]

I

      The court first considers AMX's motion to strike Hancock's supplemental report.[2]

_____

      [1]The court filed on June 5, 2007 a memorandum opinion and order that decided the parties' cross-motions for summary judgment. *AMX Corp. v. Pilote Films*, 2007 WL 1695120 (N.D. Tex. June 5, 2007) (Fitzwater, J.).  Because the court set out the background facts and procedural history in that opinion, *see id.* at *1-*2, it will not do so again.

      [2]AMX argues that Hancock's report is not really a supplement but is a new report.  The court holds that it is a supplement within the meaning of Fed. R. Civ. P. 26(e)(1), which provides:

            A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in

A

Pilote submitted Hancock's supplemental report to AMX on September 27, 2006. AMX argues that the supplemental report is untimely and highly prejudicial and is merely an attempt by Pilote to circumvent AMX's motion for summary judgment. Pilote responds that it submitted the supplemental report only after it discovered that AMX had sold products to Pilote's customers before February 1, 2005 (the date Hancock used in calculating damages in his initial report). AMX argues in reply that the documents from which Pilote allegedly discovered that AMX had been making sales before February 1, 2005 were provided to Pilote on May 12, 2006, more than four months before Hancock submitted his supplemental report; Hancock could have included the opinions contained in his supplemental report when he submitted his original report; and Hancock's supplemental opinions are not tied to the information Pilote

_____

some material respect the information disclosed *is incomplete* or incorrect and if *the additional* or corrective *information* has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and *any additions* or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

(Emphasis added).

- 2 -

maintains was necessary for Hancock to prepare his supplemental report.[3]

                                    B

     Fed. R. Civ. P. 26(a)(2)(B) provides that the disclosure of certain expert witnesses must be accompanied by a written report that contains, *inter alia*, "a complete statement of all opinions to be expressed." Rule 26(a)(2)(C) establishes the default deadlines and sequence for making such disclosures when the court has not otherwise directed or the parties have not otherwise stipulated. Rule 26(e) addresses the duty to supplement or correct Rule 26(a) disclosures and discovery responses.

> Rule 26(e)(1) requires that, with respect to the retained expert, there is a duty to supplement the expert's opinion if there is a material change in the opinion. This obligation extends to both the report required by Rule 26(a)(2)(B), as well as the expert's deposition testimony.

*Jacobs v. Tapscott*, 2006 WL 2728827, at *11 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) (quoting *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 502 (D. Md. 1997)), *appeal docketed*, No. 07-10558 (5th Cir. May 22, 2007). "This supplementation must occur not later than the

---

[3]AMX also requests that Pilote not be allowed to submit any rebuttal report because any such report would now be untimely since it was due 30 days from August 24, 2006, the date AMX's damages experts were deposed. The court denies this component of the motion without prejudice to AMX's seeking leave to file a specific motion, because the request is not connected to a particular rebuttal report and analyzed in the context of that report. The court therefore discerns no basis to grant AMX the relief it seeks.

date of the pretrial disclosures required by Rule 26(a)(3)."
*Sullivan*, 175 F.R.D. at 502; *Sierra Club, Lone Star Chapter v.
Cedar Point Oil Co.*, 73 F.3d 546, 570 n.43 (5th Cir. 1996) ("Rule
26(e)(1) requires that supplementation of expert disclosures be
made by the time the supplementing party's 'Pretrial Disclosures'
are due." (citing Rule 26(e)(1))).

At the time Hancock submitted his supplemental report on
September 27, 2006, the trial of this case was set for November 13,
2006. Pretrial disclosures under Rule 26(a)(3) were not due until
October 13, 2006. Therefore, the supplement was timely under Rule
26(e)(1). Moreover, the trial setting has now been continued to
the October 15, 2007 trial docket. Rule 23(a)(3) disclosures must
be made at least 30 days before the date of the trial setting,
which would be September 17, 2007 (the Monday following September
15). Hancock's supplement was submitted substantially before the
currently scheduled trial date, and, as noted, before the deadline
that applied to the November 13, 2006 trial setting.

Nonetheless, courts, including this one, have cautioned that
problems can arise when they allow supplementation too close to the
date of trial. *See Jacobs*, 2006 WL 2728827, at *11.

> [I]n light of the large window of time allowed
> . . . to supplement expert disclosures, the
> Court should not automatically permit
> testimony at trial as to the newly discovered
> information if, considering the facts of the
> case, it is convinced that doing so would be
> unfair or cause undue delay or expense.

- 4 -

*Id.* (quoting *Tucker v. OHTSU Tire & Rubber Co.*, 49 F.Supp.2d 456, 461 (D. Md. 1999)).  In determining whether to permit trial testimony based on information that is newly disclosed in a supplemental report,

> the Court should consider the following factors: (1) the explanation for making the supplemental disclosure at the time it is made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice.

*Id.* (quoting *Tucker*, 49 F.Supp.2d at 461).

C

The court first considers Pilote's explanation for its failure to supplement earlier.  Pilote maintains that, at the time of Hancock's preliminary report, it had not discovered any evidence to contradict AMX's answer to the requests for admissions that it had not sold products to customers in France before February 1, 2005. It posits that it was only later that it discovered that AMX had, in fact, sold products directly into France to Pilote's customers before Feburary 1, 2005.  Although AMX argues that it disclosed to Pilote on May 12, 2006 the documents that revealed that AMX had sold products into France before this date, there is no reason to assume that Pilote was actually aware of this new information at

the time it was disclosed.[4]

The court addresses second the importance of the testimony. Although Hancock's opinions may have somewhat diminished importance in view of the court's summary judgment ruling,[5] the evidence nonetheless appears to be important.   The supplemental report suggests that Pilote's lost profits are $213,000 more than Hancock originally projected.

The remaining two factors focus on prejudice: the prejudice to AMX of allowing the evidence, and the possibility of curing the prejudice through a continuance.   *Id.* at *13 (citing *MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g, Inc.*, 2006 WL 680513, at *5 (N.D. Tex. Mar. 14, 2006) (Means, J.)).   The burden is on Pilote to show that AMX will not be unduly prejudiced.   *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 2506957, at *3 (N.D. Tex. Aug. 15, 2006) (Fitzwater, J.) (citing *Wright v. Blythe-Nelson*, 2001 WL 804529, at *5 (N.D. Tex. July 10, 2001) (Fitzwater, J.)).

_____

[4]AMX argues that, in his supplement, Hancock has used a "different methodology . . . resulting in additional damages."  P. Mot. Strike 2.   From the court's review of Hancock's report and supplement, however, it cannot discern that Hancock's methodology has changed.   Hancock uses the same calculation for all damages accruing after February 1, 2005, arriving at the same figure— $730,000—to represent the annual lost gross margin.   Hancock has adjusted his calculation of those damages incurred before February 1, 2005 to account for lower sales levels.   In determining whether to permit Hancock to supplement his expert report, the court will not question the methodology Hancock employed in reaching his calculation of damages for the period before February 1, 2005.

[5]This observation may be affected by the court's decision concerning Pilote's pending motion for reconsideration.

AMX argues that because the deadline for the designation of rebuttal opinions passed on July 31, 2006, it is now limited in how it can adequately respond to Pilote's newfound damages model. Because the supplementation occurred before Hancock was deposed on January 25, 2007, the court discerns no undue prejudice. Moreover, although at the time AMX filed its motion to strike, the trial was set for November 2006, it has since been continued to the October 15, 2007 trial docket, which gives AMX ample time to to seek any necessary relief to ameliorate undue prejudice arising from Hancock's supplemental expert opinion.

Considering the four factors, the court holds in its discretion that the opinions in Hancock's supplemental report should not be stricken.

II

The court now considers AMX's March 30, 2007 motion for leave to file motion to exclude expert.

A

AMX moves for leave to file a motion to exclude the testimony of Pilote's damages expert, Hancock, arguing that he is not qualified as an expert under Fed. R. Evid. 702. AMX argues that there is good cause to grant it leave to file the motion because it was unable to secure Hancock's testimony by deposition until six months after the deadline to file motions. Pilote responds that AMX's motion is too late because Pilote served Hancock's original

- 7 -

report on June 30, 2006, his supplemental report on September 27, 2006, and his rebuttal report on October 5, 2006.  It maintains that AMX deposed Hancock on January 25, 2007, yet waited another two months to seek leave to exclude his opinions.  Pilote argues that, because AMX offers no excuse for its delay, there is no reason to deviate from the court's scheduling order.  It points out that AMX does not argue that the opinions contained in Hancock's original report, rebuttal report, or supplemental report ever changed and, because AMX was aware of Hancock's opinions and methodology for several months, as evidenced by AMX's prior brief regarding Hancock's opinions, AMX has offered no basis for granting it leave to file a late motion.

B

The court has continued the trial of this case to the October 15, 2007 trial docket, has permitted Pilote to file a motion to reconsider the court's summary judgment ruling, and has granted AMX leave to file a summary judgment motion.  Under these circumstances, it will also permit AMX to file a motion that challenges Hancock's expert testimony.

Moreover, allowing AMX to file the motion will promote efficiency in the trial of the case.  Even had the court denied AMX's motion for leave, this would not of itself have precluded AMX from objecting to Hancock's expert testimony at trial.  This court does not normally require that parties challenge expert testimony

- 8 -

in advance of trial through *Daubert*-type motions, on pain of forfeiting their right to challenge the expert's opinion testimony at trial.  And it did not do so in this case.  Although the court requires that *Daubert*-type motions, if made, be filed no later than the catchall deadline that applies to a motion not otherwise covered by the court's scheduling order, and while the court usually decides timely-filed *Daubert*-type motions, such motions are not a prerequisite to objecting to expert testimony at trial. Accordingly, by addressing before trial, to the extent possible, AMX's challenges to Hancock's expert testimony, the court will promote the efficient use of trial time.

*       *       *

For the foregoing reasons, the court denies AMX's November 13, 2006 motion to strike Hancock's supplemental report, and it grants AMX's March 30, 2007 motion for leave to file motion to exclude expert witness.  AMX must file the motion——electronically or on paper——no later than June 28, 2007.

**SO ORDERED.**

June 22, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 9 -