```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
           DALLAS DIVISION

AMX CORPORATION,                  §
                                  §
     Plaintiff-counterdefendant,  §
                                  § Civil Action No. 3:04-CV-2035-D
VS.                               §
                                  §
PILOTE FILMS,                     §
                                  §
     Defendant-counterplaintiff.  §
```

MEMORANDUM OPINION
AND ORDER

In this litigation between plaintiff-counterdefendant AMX Corporation ("AMX") and defendant-counterplaintiff Pilote Films ("Pilote"), the court decides three remaining motions concerning expert witnesses.

I

The relevant background facts and procedural history of this case are set out in the court's prior opinions in *AMX Corp. v. Pilote Films*, 2007 WL 1695120, at *1-*2 (N.D. Tex. June 5, 2007) (Fitzwater, J.) ("*AMX I*"), and need not be repeated.

Pilote has filed a June 27, 2007 motion to compel expert payment. AMX has filed a June 28, 2007 motion to exclude expert, in which it seeks to exclude the expert opinions of Robert A. Hancock ("Hancock"). In addition to these two motions, in *AMX Corp. v. Pilote Films*, 2007 WL 2254943 (N.D. Tex. Aug. 7, 2007) (Fitzwater, J.) ("*AMX II*"), the court directed the parties to address whether three motions that the court had denied as moot in *AMX I* were in fact moot.

> [I]n *AMX I* the court denied as moot AMX's July 31, 2006 motion to exclude expert testimony, September 26, 2006 motion for leave to file motion for leave to designate French law expert, and March 2, 2007 supplemental motion to exclude expert testimony, because the court had determined that Texas law governed the contractual relationship between AMX and Pilote, and it had dismissed all of Pilote's French-law counterclaims. *AMX I*, 2007 WL 1695120, at *14 n.13. Within 14 days of the date this memorandum opinion and order is filed, a party may identify in writing a component of one or more of these motions that it maintains is not moot, state briefly the reason for its position, and request a ruling.

*AMX II*, 2007 WL 2254943, at *14.

In response to *AMX II*, AMX submitted an August 8, 2007 letter stating that its July 31, 2006 motion to exclude expert testimony, in which it seeks to exclude the testimony of Pilote's French law expert——Philippe L. Migeot ("Migeot")——is moot. According to AMX, Migeot offered no opinions on the remaining allegations of Pilote's only surviving French-law claim. It also states, however, that if Pilote intends to use Migeot's testimony at trial, the court should consider AMX's motion and exclude Migeot's testimony. AMX submits that its June 28, 2007 motion to exclude Pilote's damages expert, Hancock, is moot in view of the court's decision in *AMX II* concerning Pilote's motion for reconsideration and AMX's motion for partial summary judgment. It also states, however, that if Pilote intends to use Hancock's testimony at trial, the court should consider AMX's motion and exclude Hancock's testimony.

Pilote submitted an August 21, 2007 letter setting out its

position. It maintains that Migeot will offer opinions pertinent to Pilote's remaining French-law counterclaim under Article L. 442-6 6° of the French Commercial Code. And it contends that Hancock will offer opinions on damages that are pertinent to the pre-February 1, 2005 time period and that are not excluded under the court's prior rulings.

Accordingly, based on the parties' submissions, the court concludes that the following motions remain to be decided: AMX's July 31, 2006 motion to exclude expert testimony, as supplemented on March 2, 2007; Pilote's June 27, 2007 motion to compel expert payment; and AMX's June 28, 2007 motion to exclude expert. The court will not address AMX's September 26, 2006 motion for leave to file motion for leave to designate French law expert.

II

The court first considers AMX's July 31, 2006 motion to exclude expert testimony, as supplemented on March 2, 2007, in which it seeks to exclude the testimony of Migeot, Pilote's French law expert.

A

In its motion, AMX contends that Migeot should be precluded from testifying because it appears that his proposed testimony is neither relevant nor reliable and consists solely of improper legal conclusions. AMX posits that federal courts uniformly prohibit expert testimony on legal issues, legal principles, and legal

conclusions. It maintains that Migeot will apparently testify that French law applies to the parties' dispute, testify concerning what is the applicable French law, and testify that AMX violated the law. In AMX's reply brief and in its supplement to the motion, it maintains that the testimony should be excluded, or, alternatively, if Migeot's testimony relates solely to questions of foreign law, he should be precluded from testifying in the jury's presence. AMX seeks this relief on the grounds that Pilote has failed to show that there is a need in this case for a foreign law expert; his testimony is neither relevant nor reliable; he is not a lawyer; and he is not qualified to testify regarding the content or applicability of French law. According to AMX, Migeot is not qualified to testify as an expert in French law or to provide expert opinions regarding the content or applicability of French law, because he is not qualified as an expert and his opinions are unreliable.

B

The court denies AMX's motion without prejudice to considering objections during the pretrial conference and/or at trial.

First, the court is unable to conclude based on the motion and supplement that Migeot lacks the necessary qualifications to offer any opinions or other expert testimony concerning French law or that his opinions about French law will not relate to fact issues that the jury must decide.

Second, because the court declines at this time to exclude Migeot's testimony *in toto*, it must focus on his specific opinions or other expert testimony that AMX seeks to exclude.  Although AMX includes Migeot's expert report in support of its motion, it does not identify in the motion or the supplement any specific opinions or other expert testimony that it seeks to exclude.  This is necessary, however, because the specific content and nature of the opinions and testimony may impact whether Migeot can offer testimony that the court needs to determine French law under Fed. R. Civ. P. 44.1, or that will assist the jury in deciding a fact issue.

According to Pilote's August 21, 2007 letter, AMX's present motion is not moot because Migeot will offer opinions that are relevant to Pilote's counterclaim under Article L. 442-6 6° of the French Commercial Code for breach of exclusivity by interference with a third party contract.  In this counterclaim, Pilote "alleges that AMX had direct and/or indirect involvement in the French market, in violation of the prohibition on reselling outside the network imposed on Pilote by its exclusive distribution agreement with AMX."  *AMX I*, 2007 WL 1695120, at *30.  In *AMX II* the court denied summary judgment on this counterclaim, holding that "[i]f the 1994 Agreement controls, then a reasonable jury could find, based on AMX UK's sale of products to TVSAT2 Design, that Pilote is entitled to recover on its French-law breach of exclusivity by

interference with third party contract counterclaim." *AMX II*, 2007 WL 2254943, at *8. At least to some extent, the court has already determined the law of Article L. 442-6 6° in deciding the summary judgment motions, and it may be able to make other relevant legal determinations without Migeot's testimony. And it is unclear whether the jury will in any way be assisted by Migeot's expert testimony in deciding factually whether Pilote is entitled to recover from AMX based on AMX UK's sale of products to TVSAT2 Design. The court nevertheless concludes that its decision on AMX's motion should be made in a context that is sufficiently focused that it enables the court to make a reasoned decision about whether it and/or the jury will be assisted by Migeot's expert opinions or testimony.

Accordingly, the court denies AMX's motion without prejudice.[1]

---

[1] In response to AMX's supplement, Pilote asserts that AMX does not challenge Migeot's testimony concerning French commercial practices. AMX replies that its July 31, 2006 motion seeks to exclude all of Migeot's testimony, not merely that which relates to French law. Because the court is denying AMX's motion without prejudice, it need not decide whether the motion extends to testimony concerning French commercial practices. But it notes that its reasoning would essentially be the same were it to consider whether expert testimony about French commercial practices should now be excluded. First, it cannot say that Migeot's testimony should be excluded in its entirety. And second, it must decide admissibility questions in the context of Migeot's specific opinions and testimony.

III

The court next considers AMX's June 28, 2007 motion to exclude Pilote's damages expert, Hancock. AMX maintains that Hancock's testimony is neither relevant nor reliable because it is based on improper assumptions and methodology. It posits that Hancock assumed that AMX was the cause of Pilote's loss, failed to address other potential causes of Pilote's losses, did nothing to link any alleged conduct to the projected loss, and used an incorrect measure of damages (gross rather than net profits).

Having considered AMX's motion and Pilote's response, the court concludes that AMX has presented issues that go to the weight, not the admissibility, of Hancock's opinions. Pilote intends to rely on Hancock's expert testimony to prove the damages it sustained during the pre-February 1, 2005 period by losing AMX's sales. The questions that AMX raises concerning his opinions do not demonstrate that his testimony is unreliable, and the cases on which it relies are distinguishable. And concerning, in particular, the measure of damages, Pilote has shown that it is not relying on gross profits. According to Hancock's deposition testimony, despite his answer stating that he used "gross profit," P. Resp. Ex. B at 5,[2] he in fact deducted certain costs from sales

---

[2]The court is citing Pilote's response in this manner because Pilote did not comply with N.D. Tex. Civ. R. 7.1(i)(1) and 7.2(e) in briefing this motion. Rule 7.1(i)(1) provides that "[a] party who relies on documentary (including an affidavit, declaration, deposition, answer to interrogatory, or admission) or non-

when he calculated Pilote's "lost profits on a gross margin basis," *id.* Hancock deducted "all the AMX product costs, the customs, the shipping recognition of the value-added taxes, that sort of thing." *Id.* Pilote therefore is not seeking to recover gross profits; it is contending, based on Hancock's opinions, that net profit is measured in a manner with which AMX disagrees. Hancock's opinions are sufficiently reliable as to be admissible. They can be tested through cross-examination and refuted through AMX's own evidence.

Accordingly, AMX's motion is denied.

IV

Finally, the court considers Pilote's motion to compel expert payment.

A

Pilote moves under Rule 26(b)(4)(C)[3] to compel AMX to pay the

---

documentary evidence to support or oppose a motion must include such evidence in an appendix." Rule 7.2(e) states that "[i]f a party's motion or response is accompanied by an appendix, the party's brief must include citations to each page of the appendix that supports each assertion that the party makes concerning any documentary or non-documentary evidence on which the party relies to support or oppose the motion." By contrast, when Pilote filed its motion to compel expert payment, discussed *infra* at § IV, it did file the required appendix.

[3]Rule 26(b)(4)(C):

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party

fees of Migeot and Hancock for giving their depositions. AMX responds that it does not oppose paying reasonable fees for these depositions, provided Migeot and Hancock are in fact permitted to testify at trial.[4] AMX maintains that, unless Migeot and Hancock testify, it would be manifestly unjust to require that AMX pay for their time and expenses, and that Pilote's motion is premature. AMX also asserts that the court should wait until the conclusion of the case so that it can offset fees and expenses that AMX's experts incurred responding to Pilote's discovery requests, thereby only requiring one party to make one net payment to the other, if any payment is required.

Pilote cites an October 12, 2006 email from AMX's counsel to Pilote's counsel in which he wrote, in pertinent part: "AMX will comply with Rule 26(b)(4)(C) and pay a reasonable fee to Hancock and Migeot for their time during deposition. AMX will not pay for any time Pilote's lawyers spend questioning their own witnesses." D. June 27, 2007 App. 1. Pilote cites this email in its reply brief to refute the authorities on which AMX relies in opposing Pilote's motion.

---

> seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

[4]AMX relies in part on the pending motions to exclude that the court decides today. The court's reasoning is not impacted, however, by its rulings on these motions.

B

The court agrees with Pilote that AMX is obligated to pay reasonable fees for the time Migeot and Hancock spent being deposed at AMX's request, exclusive of any time Pilote's lawyers spent questioning these witnesses. The email from AMX's counsel to Pilote's counsel can only reasonably be interpreted to provide that AMX had agreed to pay Pilote reasonable fees for Hancock's and Migeot's time during their depositions, exclusive of any time that Pilote's lawyers spent questioning these witnesses. Agreements of this type can be reached under Rule 26(b)(4)(C). *See Abundiz v. Explorer Pipeline Co.*, 2004 WL 1161402, at *2 (N.D. Tex. May 24, 2004) (Stickney, J.) (noting that parties had entered into discovery agreement that provided that "the party seeking expert discovery would reimburse the other for expert witness fees up to four hours of preparation time and for the actual time spent in deposition."). The court will enforce the parties' agreement.

Within 20 days of the date this memorandum opinion and order is filed, counsel must confer regarding what are the reasonable fees for Hancock's and Migeot's time during their depositions, exclusive of any time that Pilote's lawyers spent questioning them.[5] If agreement is reached, AMX must pay these fees to

---

[5]Because the court is enforcing the parties' agreement, it is using as the measure of the reasonable fees the one to which they agreed. For example, one treatise points out that some courts have decided that fees under Rule 26(b)(4)(C) can include compensation for time spent preparing for the deposition. 8 Charles Alan

Pilote's counsel within 20 days of the date of the agreement.  If no agreement is reached, counsel must jointly advise the court in writing, and the court will direct the parties how to proceed.  If the court is required to resolve a fee dispute, it will consider awarding the prevailing party its attorney's fees and costs in litigating the dispute.

For the reasons stated, Pilote's motion to compel expert payment is granted.

\* \* \*

AMX's July 31, 2006 motion to exclude expert testimony, as supplemented on March 2, 2007, is denied without prejudice. Pilote's June 27, 2007 motion to compel expert payment is granted. AMX's June 28, 2007 motion to exclude expert is denied.

**SO ORDERED.**

August 27, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

Wright, et al., *Federal Practice and Procedure* § 2034, at 471 (2d ed. 1994) ("Some courts have allowed such preparation time to be compensated . . . ." (footnote omitted)).  The parties in *Abundiz* agreed to pay compensation for some preparation time.  *Abundiz*, 2004 WL 1161402, at \*2 (up to four hours).  The parties agreed in this case, however, that AMX would pay for Hancock's and Migeot's time during their depositions.  Accordingly, while today's decision does not preclude Pilote from seeking any additional available relief at the conclusion of the case, the court is not awarding it in response to Pilote's motion.